UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>JEFFREY LEE FITZHUGH,<br><br>         Defendant. | Case No.:  20CR3596 WQH<br><br>**ORDER** |

HAYES, Judge:

  The Sixth Amendment to the U.S. Constitution grants a criminal defendant the right to refuse the assistance of counsel and to represent himself in criminal proceedings. *United States v. Lopez-Osuna*, 242 F.3d 1191, 1198-99 (9th Cir. 2001) (citing *Faretta v. California*, 422 U.S. 806 (1975)).  This right to self-representation may be overridden if: (1) the defendant does not knowingly and intelligently waive his right to counsel, or (2) he is not "able and willing to abide by rules of procedure and courtroom protocol." *Lopez-Osuna*, 242 F.3d at 1199 (quotation omitted).  In addition, the United States Supreme Court "recognized 'a mental-illness-related limitation on the scope of self-representation right.'" *United States v. Ferguson*, 560 F.3d 1060, 1067 (9th Cir. 2009) citing *Indiana v. Edwards*, 554 U.S. 164, 171 (2008).  "The standard for a defendant's mental competence to stand trial is ... different from the standard for a defendant's mental competence to represent himself or herself at trial." *Ferguson*, 560 F.3d at 1068.  The inquiry is "whether the

Defendant is able to carry out the basic tasks needed to present his own defense without the help of counsel." *Id*. (internal quotations omitted).

Generally, a defendant who knowingly, voluntarily, and intelligently waives the right to counsel must be permitted to represent himself at trial. *See Faretta v. California*, 422 U.S. at 835. However, in *Indiana v. Edwards*, 554 U.S. 164 (2008), the Supreme Court noted that "in certain instances an individual . . . will be able to work with counsel at trial, yet at the same time he may be unable to carry out the basic tasks needed to present his own defense without the help of counsel." *Id*. at 175-76. "Insofar as a defendant's lack of capacity threatens an improper conviction or sentence, self-representation in that exceptional context undercuts the most basic of the Constitution's criminal law objectives, providing a fair trial." *Id*. at 176-77. *See Pate v. Robinson*, 383 U.S. 375, 378 (1966) ("The conviction of an accused person while he is legally incompetent violates due process.").

In order to assure a fair trial for the Defendant, the Court concludes that it has an obligation under the facts of this case to order an evaluation of the Defendant's mental competency under 18 U.S.C. § 4241(a) in order to determine whether he is able to carry out the basic tasks needed to present his own defense without the help of counsel. The Court will order a psychiatric examination of the Defendant and a hearing prior to conducting any further proceedings in order to determine whether the Defendant is competent to understand the nature and consequences of the proceedings against him and to carry out the basic tasks needed to present his own defense without the help of counsel.

The Court finds reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rending him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to carry out the basic tasks needed to present his own defense without the help of counsel. The Court finds that a psychiatric or psychological examination pursuant to 18 U.S.C.§ 4241(b) is required.

IT IS HEREBY ORDERED that a licensed or certified psychiatrist or psychologist at the Metropolitan Correctional Center, San Diego, is appointed to examine the Defendant

and to prepare a report pursuant to 18 U.S.C. § 4241(b) in order to determine whether he is mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him; and able to carry out the basic tasks needed to present his own defense without the help of counsel.  Such examination shall be at the expense of the United States Department of Justice.

IT IS HEREBY ORDERED that Defendant shall be transferred to the Metropolitan Correctional Center, San Diego forthwith in order to proceed with the examination.

IT IS HEREBY ORDERED that Kris Kraus is appointed as counsel for the Defendant solely for the competency proceedings.

IT IS HEREBY ORDERED that a written psychiatric report in compliance with 18 U.S.C. § 4247(c) shall be prepared and provided to the Court, counsel for the Defendant, and counsel for the Government no later than June 3, 2022.  The motion hearing set for May 16, 2022 at 9 a.m.; the motion in limine hearing set for May 31, 2022 at 2:00 p.m.; and the trial set for June 1, 2022 at 9 a.m. are vacated.  All motion filing dates are vacated and will be reset after the competency hearing.  The Court will hold a hearing pursuant to 18 U.S.C. § 4241(c) on Thursday, June 9, 2022 at 9 a.m. to address the Defendant's mental competency.

IT IS HEREBY ORDERED that Plaintiff United States shall file a written status report no later than May 9, 2022 regarding the transfer and the progress of the examination.

IT IS FURTHER ORDERED that time is excluded under the Speedy Trial Act until June 9, 2022 pursuant to 18 U.S.C. § 3161(h)(1)(A).

The Clerk of the Court shall provide a copy of this order to all parties, including the Defendant.

Dated:  April 27, 2022

Hon. William Q. Hayes
United States District Court