UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                        Plaintiff,<br><br>v.<br><br>JEFFREY LEE FITZHUGH,<br><br>                                        Defendant. | Case No.:  20CR3596 WQH<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Remove Competency Examination Order (ECF No. 66).  Defendant moves the Court to remove the competency examination on the grounds that Covid-19 screening has resulted in quarantine and slowed the process.

On April 27, 2022, this Court ordered a psychiatric examination of the Defendant and a hearing prior to conducting any further proceedings in order to determine whether the Defendant is competent to understand the nature and consequences of the proceedings against him and to carry out the basic tasks needed to present his own defense without the help of counsel.  The Court stated in part,

> The Sixth Amendment to the U.S. Constitution grants a criminal defendant the right to refuse the assistance of counsel and to represent himself in criminal proceedings. *United States v. Lopez-Osuna*, 242 F.3d 1191, 1198-99 (9th Cir. 2001) (citing *Faretta v. California*, 422 U.S. 806 (1975)).  This right to self-representation may be overridden if: (1) the defendant does not

knowingly and intelligently waive his right to counsel, or (2) he is not "able and willing to abide by rules of procedure and courtroom protocol." *Lopez-Osuna*, 242 F.3d at 1199 (quotation omitted). In addition, the United States Supreme Court "recognized 'a mental-illness-related limitation on the scope of self-representation right.'" *United States v. Ferguson*, 560 F.3d 1060, 1067 (9th Cir. 2009) citing *Indiana v. Edwards*, 554 U.S. 164, 171 (2008). "The standard for a defendant's mental competence to stand trial is ... different from the standard for a defendant's mental competence to represent himself or herself at trial." *Ferguson*, 560 F.3d at 1068. The inquiry is "whether the Defendant is able to carry out the basic tasks needed to present his own defense without the help of counsel." *Id.* (internal quotations omitted).

Generally, a defendant who knowingly, voluntarily, and intelligently waives the right to counsel must be permitted to represent himself at trial. *See Faretta v. California*, 422 U.S. at 835. However, in *Indiana v. Edwards*, 554 U.S. 164 (2008), the Supreme Court noted that "in certain instances an individual . . . will be able to work with counsel at trial, yet at the same time he may be unable to carry out the basic tasks needed to present his own defense without the help of counsel." *Id.* at 175-76. "Insofar as a defendant's lack of capacity threatens an improper conviction or sentence, self-representation in that exceptional context undercuts the most basic of the Constitution's criminal law objectives, providing a fair trial." *Id.* at 176-77. *See Pate v. Robinson*, 383 U.S. 375, 378 (1966) ("The conviction of an accused person while he is legally incompetent violates due process.").

In order to assure a fair trial for the Defendant, the Court concludes that it has an obligation under the facts of this case to order an evaluation of the Defendant's mental competency under 18 U.S.C. § 4241(a) in order to determine whether he is able to carry out the basic tasks needed to present his own defense without the help of counsel. The Court will order a psychiatric examination of the Defendant and a hearing prior to conducting any further proceedings in order to determine whether the Defendant is competent to understand the nature and consequences of the proceedings against him and to carry out the basic tasks needed to present his own defense without the help of counsel.

The Court finds reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rending him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to carry out the basic tasks needed to present his own defense without the help of counsel. The Court finds that a psychiatric or psychological examination pursuant to 18 U.S.C.§ 4241(b) is required.

IT IS HEREBY ORDERED that a licensed or certified psychiatrist or

psychologist at the Metropolitan Correctional Center, San Diego, is appointed to examine the Defendant and to prepare a report pursuant to 18 U.S.C. § 4241(b) in order to determine whether he is mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him; and able to carry out the basic tasks needed to present his own defense without the help of counsel.  Such examination shall be at the expense of the United States Department of Justice.

ECF No. 63 at 1-2.

On May 5, 2022, Defendant was transferred to the MCC San Diego in order to allow the examination.

The Court concludes that delay resulting from Covid-19 quarantine does not effect the finding of the Court that a psychiatric or psychological examination pursuant to 18 U.S.C.§ 4241(b) is required.

IT IS HEREBY ORDERED that the Motion to Remove Competency Examination Order (ECF No. 66) is denied.

Dated:  May 23, 2022

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court